**Courtney R. Rockett**
212 692 6714
crockett@mintz.com



MINTZ

Chrysler Center
666 Third Avenue
New York, NY
212 935 3000
mintz.com

September 23, 2021

Via ECF

Hon. P. Kevin Castel
United States Courthouse
500 Pearl St.
New York, NY 10007

   Re: *FSC Advisors, LLC v. Theia Group, Inc., et al.*, 21 Civ. 6995 (S.D.N.Y.)
     Pre-Motion Letter Request to File Motion to Intervene for the
     Limited Purpose of Addressing the Request for a Temporary Receiver

Dear Judge Castel:

  We represent Brant J. Griffin, as Trustee of the Brant J. Griffin Living Trust U/A Dated 09/26/2012 (the "BJG Living Trust"), Brant Griffin Roth IRA #201839105 (the "BG Roth IRA"), and the Harvey Lee Griffin Revocable Trust U/D/T Dated 10/30/1989 (the "HLG Revocable Trust") (collectively, the "B&LG Clients"), and submit this pre-motion letter to request that this Court allow the B&LG Clients to file a motion to intervene in the above case for the limited purpose of addressing Plaintiff's request for a temporary receiver—a request that the B&LG Clients oppose and believe is inappropriate under the circumstances. There are no conferences currently scheduled before the Court.

  I. **FACTUAL BACKGROUND**

  On August 19, 2021, FCS Advisors, LLC ("FCS" or "Plaintiff") filed the above lawsuit against Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc. (collectively, "Theia" or "Defendants"), seeking: (i) recovery of a purported $289 million debt due from Defendants, and (ii) appointment of a temporary receiver to take control of Theia and commence an involuntary transfer of Theia's FCC license, one of the company's most valuable assets. The B&LG Clients seek permissive intervention solely to be heard on the second issue—the request for a temporary receiver.

  The B&LG Clients have been investing in Theia since January 2020 (prior to Plaintiff's refinancing and long before Aithre Capital Partners, LLC ("Aithre") came into the picture). Since January 2020, the B&LG Clients have made several investments totaling $3,050,000.

  The Brant Griffin Living Trust purchased Secured Convertible Promissory Notes in January 2020, July 2020, December 2020, and April 2021, in the principal sums of $550,000,

$350,000, $700,000, and $250,000, with various substantially larger repayment amounts and various maturity dates.

The Brant Griffin Roth IRA purchased a Secured Convertible Promissory Note in October 2020, in the principal sum of $200,000, with a Repayment Amount of $400,000, and a maturity date of April 23, 2021.

The HLG Revocable Trust purchased a Secured Convertible Promissory Note in December 2020, in the principal sum of $1,000,000, with a Repayment Amount of $2,250,000, and a maturity date of June 4, 2021.

The B&LG Clients' loans are secured by collateral consisting of Theia's assets and, upon information and belief, are not subordinate to the interests of Brevet, Aithre, or any other stakeholder.

The B&LG Clients' investments in Theia were not made solely on the expectation of quick profit but are rather a reflection of their confidence in Theia's management and their vision to implement transformative and highly valuable technology.  Indeed, whenever given the opportunity, the B&LG Clients have reinvested 100% of the proceeds from their investments back into Theia.  Theia is working to build the world's first satellite constellation system (the Thorian Satellite Network, or the "TSN") designed to create a continuously-updated, real-time, digital representation of every physical activity, process, and object on earth.  This technology will be game-changing for numerous industries and business sectors, including agriculture, first responder and emergency services, infrastructure, insurance, national security, transportation, and resource mapping.  The B&LG Clients continue to believe in Theia's ability to carry out this vision.

The B&LG Clients are shareholders and secured noteholders with a substantial sum of capital invested in Theia, and they have a vested interest in the company's success.  In light of the company's demonstrated track record, which we will be addressed more fully in this matter, and its superior potential to develop and utilize its transformational technology, the B&LG Clients believe that the best guarantee of a return on their investment is the company's continued operation.

FCS' motion to appoint a temporary receiver to take control of Theia would jeopardize the significant progress that Theia has achieved to date—and in turn, the B&LG Clients' investments in the company.  By its motion, FCS seeks to appoint a temporary receiver to essentially seize control of Theia away from its founders (who have *decades* of industry experience and know-how), and sell one of Theia's most valuable assets (an FCC license)—actions that would inure to the detriment of the Company and stakeholders like the B&LG Clients.  Moreover, Theia's filings indicate that Brevet Capital Management, LLC, the manager of Plaintiff, was involved in self-dealing, and actively interfered with Theia's operations, which may give rise to claims by Theia and the B&LG Clients against Plaintiff.  Under these circumstances, the B&LG Clients believe appointment of a receiver is unwarranted.

## II.     LEGAL BASIS FOR THE B&LG CLIENTS' ANTICIPATED MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(b) provides for permissive intervention upon timely motion when an applicant's claim or defense and the main action have a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).  The B&LG Clients should be heard on their application for permissive intervention on the limited issue of whether FCS' motion for appointment of a temporary receiver should be granted because the B&LG Clients have a valid claim for permissive intervention under Rule 24(b).

The B&LG Clients' motion is timely and this Court recently granted Aithre's pre-motion letter request to intervene.  Finally, there are no conferences currently scheduled before the Court.  In these circumstances, [the B&LG Clients'] motion should be deemed timely.  *See, e.g., Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87-88 (S.D.N.Y. 2018).

This Court has a broad discretion in considering an application for permissive joinder under Rule 24(b).  *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984) (citation omitted).  As a result, Courts in this district have consistently held that "[t]he rule is to be liberally construed." *See, e.g., Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006).  The B&LG Clients are shareholders and secured lenders whose interest in Theia's continued operation by its founders is directly affected by the appointment of a temporary receiver.  The principal consideration for the Court on an application for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978); *also* Fed. R. Civ. P. 24(b)(3).

For the foregoing reasons, we respectfully request that this Court allow the B&LG Clients to file a motion to intervene in the above case for the limited purpose of addressing the request for a temporary receiver—a request that the B&LG Clients oppose and believe is inappropriate under the circumstances.

We thank the Court for its consideration of this request.

Respectfully,

*Courtney R. Rockett*

Courtney Rockett

cc:            Charles Anthony Michael (cmichael@steptoe.com)
(via ECF)   *Counsel for Plaintiff FCS Advisors, LLC*

Motty Shulman (motty.shulman@friedfrank.com)
Robin Henry (robin.henry@friedfrank.com)
*Counsel for Defendants Theia Group, Inc., Theia Aviation, LLC, and Theia Holdings A, Inc.*